FILED IN CHAMBERS
U.S.D.C. Rome

OCT 23 2006

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TILLOTSON COPORATION, d/b/a/ BEST MANUFACTURING COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>SHIJIAZHAUNG HONGRAY PLASTIC PRODUCTS, LTD.; GLOVECO, INC.; SAS SAFETY CORP.; PERMATEX, INC.; AMERCARE, INC.; ISLAND DENTAL CO., INC.; AND DARBY DENTAL SUPPLY CO.,<br><br>          Defendants and<br>          Third-Party<br>          Plaintiffs,<br><br>ANSELL HEALTHCARE, CARDINAL HEALTH, DEFEND-MYDENT, KNK MEDICAL DENTAL SPECIALTIES, LTD., and SUPERMAX INCORPORATED CORP.,<br><br>          Third-Party<br>          Defendants. | CIVIL ACTION<br><br>NO. 4:05-CV-0118-RLV |

O R D E R

In this action for patent infringement, the defendants, as third-party plaintiffs, assert claims against the third-party defendants for breach of warranty pursuant to U.C.C. §2-312(3), and for indemnity pursuant to contractual or common law duties. Pending before the court is the plaintiff's Motion to Strike Defendants Island Dental Co., Inc. and Darby Dental Supply Co.'s Third-Party Complaint, or in the Alternative, to Sever Third-Party Claims From the Underlying Case. [Doc. No. 93-1.] For the reasons

set forth below, the court DENIES IN PART and GRANTS IN PART the Motion to Strike or Sever.

The plaintiff's motion makes essentially two arguments: (1) the third-party plaintiffs' claims should be stricken because they are wholly unrelated to the underlying patent infringement suit, and they are based on such different law that prejudice to the plaintiff and jury confusion are likely to occur; (2) in the alternative, this court should sever the third-party claims to avoid prejudice and confusion; plus in the interests of judicial economy severance is proper because only a judgment against the defendants in the patent infringement claim will give rise to the separate breach of warranty and indemnity claims by the defendant/third-party plaintiff.

Under rule 14(a) of the Federal Rules of Civil Procedure, a defendant/third-party plaintiff may implead third-party defendants who "may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). In this case, the third-party claims are based entirely on the third-party defendants' alleged liability for the underlying claim against the defendant/third-party plaintiff. The essence of the third-party plaintiffs' claims is that they are not responsible for any patent infringement because they merely bought the allegedly infringing gloves from five manufacturers, and so it is those manufacturers who are liable for any damages resulting

2

from the plaintiff's infringement case—precisely the sort of claim suitable for impleader. Accordingly, this court concludes that the third-party claims are properly within Rule 14 and thus denies that part of the plaintiff's motion that requests this court to strike the Third-Party Complaint.

In addressing the plaintiff's alternative argument in support of severance, this court must look to Rule 42(b) of the Federal Rules of Civil Procedure. A court may order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). A number of factors may be considered in reaching a decision on separation under Rule 42(b): (1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement. <u>Kimberly-Clark Corp. v. James River Corp. of Va.</u>, 131 F.R.D. 607, 608 (N.D. Ga. 1989). The "paramount

consideration," however, is "a fair and impartial trial to all litigants through a balance of benefit and prejudice." Id.

In this case, considering the underlying patent infringement claims together with the third-party breach of warranty and indemnity claims involves distinctly separate areas of the law and standards of liability. Additionally, patent infringement is an inherently complex area of the law. Adding issues of liability under the U.C.C., as well as contract and common law duties of indemnity, as it pertains to five separate third-party defendants, may very well impede adjudication of this case, confuse a jury, and prejudice one or more of the parties.

The court notes that it has broad discretion to bifurcate these claims. E.g., Harrington v. Cleburne County Bd. Of Educ., 251 F.3d 935, 938 (11th Cir. 2001). In the court's view, justice is better served by separating the plaintiff's patent infringement claims from the defendant/third-party plaintiffs' breach of warranty and indemnity claims. Severance of the third-party claims furthers convenience by proceeding directly with the patent infringement claim, avoids prejudice by limiting confusion of claims or the law, and promotes efficiency by ensuring clear proceedings. Accordingly, severance of the third-party plaintiffs' claims is warranted.

For the foregoing reasons, the plaintiff's motion [Doc. No. 93-1] is DENIED IN PART and GRANTED IN PART. Island Dental Co.,

Inc. and Darby Dental Supply Co.'s Third-Party Complaint is hereby severed from the main action.

SO ORDERED, this **23rd** day of October, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge